UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NATIONAL ALLIANCE FOR
ACCESSABILITY, INC., a Florida not
for profit corporation, and DENISE
PAYNE, individually,

      Plaintiffs,

v.                                       CASE NO. 3:10-cv-778-J-34JBT

HULL STOREY RETAIL GROUP, LLC,
a foreign limited liability company,

      Defendant.
_____/

# REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiffs' Verified Application for Attorney's Fees, Costs, Expert Witness Fees and Litigation Expenses ("Application") (Doc. 36), Defendant's Memorandum in Response and Opposition thereto ("Opposition") (Doc. 41), and Plaintiffs' Reply thereto[2] (Doc. 44). The Application was referred to the undersigned for a report and recommendation on April 23, 2012. (Doc. 37.) On April 25, 2012, the undersigned entered an Order taking the

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] The Reply was filed pursuant to the Court's May 22, 2012 Order granting Plaintiff's Unopposed Motion for Leave to File Reply. (Doc. 43.)

Application under advisement and directing Plaintiffs, by May 2, 2012, to file with the Court the resumes of their attorneys, which were not attached to the Application.[3] (Doc. 38.) On April 25, 2012, Plaintiffs filed a Notice of Filing Resumes of Counsel in compliance with the Court's April 25, 2012 Order. (Doc. 39.) Thus, the Application is now ripe for review.

**I.      Summary of Recommendation**

In the Application, Plaintiffs seek an award of attorneys' fees in the amount of $23,170.00, paralegal fees in the amount of $356.00, costs and litigation expenses (including expert witness fees) in the amount of $6,400.00, and a re-inspection fee in the amount of $1,000.00. (Doc. 36.) The Application provides that the fee request is based on an hourly rate of $350.00 for 66.2 attorney hours and an hourly rate of $115.00 for 3.1 paralegal hours. (*Id.*) However, the supporting Invoice attached to the Application indicates that only 46.3 attorney hours (at an hourly rate of $425.00) and 2.6 paralegal hours (at an hourly rate of $115.00) were spent on the case. (Doc. 36-3 at 2-8.) Accordingly, based on the number of hours provided in the supporting Invoice, Plaintiffs' requested fees total $16,205.00 for the attorneys' work,[4] and $299.00 for the paralegal work. Moreover, 15 of the 46.3 attorney hours claimed are

---

[3] Instead of the subject resumes, Plaintiffs had mistakenly attached materials from an unrelated case. (Docs. 36-1, 36-2.) As discussed fully herein, this is but one example of a number of errors contained in the Application and the exhibits attached thereto.

[4] The Court assumes that the attorneys' hourly rate was $350.00 as sought in the Application, not $425.00 as reflected on the Invoice.

for "anticipated future time" for negotiations, settlement, and monitoring of compliance. (*Id.* at 8.)

For the reasons stated herein, the undersigned recommends that the 15 hours of anticipated future time be eliminated from the 46.3 attorney hours. In addition, the undersigned finds that Plaintiffs' requested hourly rates for both attorneys and paralegal(s) are unreasonable and should be reduced to $300.00 per hour and $95.00 per hour, respectively. The undersigned also finds that the 31.3 attorney hours actually spent on the case are excessive and should be reduced by 20%. Regarding the 2.6 paralegal hours sought, the undersigned does not believe that a reduction is necessary. Therefore, the undersigned recommends that Plaintiffs recover for 25.04 attorney hours at an hourly rate of $300.00 (totaling $7,512.00) and 2.6 paralegal hours at an hourly rate of $95.00 (totaling $247.00), for a total fee of $7,759.00.

The undersigned further recommends that Plaintiffs be awarded costs and litigation expenses in the total amount of $4,181.25, representing $3,360.00 for expert witness services, $350.00 for a re-inspection fee, $350.00 for the filing fee, $55.00 for service of process, $25.00 for database searches, $22.50 for copies, and $18.75 for postage.

The Court would be remiss if it did not recognize that judging from the deficiencies in the Application and supporting exhibits, it is apparent that Plaintiffs put little effort into preparing these filings. As indicated throughout this Report and

Recommendation, there are significant obvious discrepancies between the amounts of attorneys' fees and costs sought in the Application and the information reflected in the attached supporting Invoices. Moreover, to the extent Plaintiffs attempt to provide legal support for the requested hourly rates throughout the Application, their incomplete citations make it impossible for the Court to discern the exact decision(s) to which Plaintiffs are referring.

The sloppiness of the Application and supporting exhibits does several things: 1) it sheds substantial doubt on the credibility of the Application; 2) it needlessly increases the burden on the Court in arriving at a reasonable fee and recoverable expenses; and 3) it appears to have resulted in erroneous and/or omitted time entries. Although the Court allowed Plaintiffs to correct one deficiency with the Application, i.e., the absence of counsel's resumes, it sees no reason to allow further corrections to the numerous deficiencies identified by the Court. Plaintiffs had an adequate opportunity to present a convincing application but failed to do so.

**II.     Background**

This action was brought on August 30, 2010 pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* (Doc. 1.) In an email dated October 20, 2010, Defendant offered "to correct any true violations of the ADA and to do so promptly," and suggested that a meeting be arranged at the subject facility. (Doc. 41-1.) On March 2, 2011, Defendant served an Offer of Judgment on Plaintiffs, which was not accepted. (Doc. 41-2.) The Offer of Judgment proposed

the following relief:

> A. Injunctive relief requiring Defendant to alter the Lake City Mall to correct or modify those facilities and accommodations identified in paragraph 10 of Plaintiffs' Complaint (Doc. 1) so that they will be readily accessible to and usable by individuals with disabilities to the extent required by the [ADA] and [Florida Accessability Code]. The corrections and modifications shall be completed within ninety (90) days of the entry of Judgment[.]
> B. An award of the costs for the filing of this action and for obtaining service of process.
> C. An award of reasonable attorney's fees incurred through the date of service of this Offer in an amount to be agreed upon by the parties, or failing agreement, as determined by the Court. . . .

(*Id.*)

On December 12, 2011, the parties conducted their mediation conference during which a settlement agreement was reached, except as to the amount of attorneys' fees and costs due to be awarded to Plaintiffs. (Doc. 26.) On January 11, 2012, the parties filed a Stipulation for Settlement, attaching the Mediation Settlement Agreement and requesting, *inter alia*, Court approval of the agreement. (Docs. 28, 28-1.) On February 15, 2012, the Court entered an Order, which, *inter alia*, dismissed the case with prejudice, retained jurisdiction to determine the amount of attorneys' fees and costs, directed Plaintiffs to file, by April 23, 2012, a properly supported motion for award of fees and costs if the parties were unable to resolve that issue on their own, and directed Defendant to respond to any such motion on or before May 14, 2012. (Doc. 35 at 3.) The Order also provided that Plaintiffs' motion "need only address the amount of fees and costs sought." (*Id.*)

### III. Analysis

#### A. Attorneys' Fees

Regarding the amount of fees, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.*

#### 1. Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.* "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id.* "It is perfectly proper to award attorney's fees based solely on affidavits in the record." *Id.* at 1303.

The court "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* In determining the reasonableness of

6

the hourly rate, the court may also consider the twelve factors[5] enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Loranger v. Stierheim*, 10 F.3d 776, 781 n.6 (11th Cir. 1994) (per curiam). "There is no precise rule or formula for making these determinations." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 Fed. App'x 161, 164 (11th Cir. 2008) (per curiam) (citing *Hensley*, 461 U.S. at 436-37).

Plaintiffs' fee request is based on an hourly rate of $350.00 for the legal services of Thomas B. Bacon, Esquire and Philip Michael Cullen, III, Esquire, and an hourly rate of $115.00 for the paralegal(s). (Doc. 36.) Defendant objects to the attorneys' proposed hourly rate and suggests that a reasonable hourly rate for each attorney's services in this District is $300.00. (Doc. 41 at 11.) In support, Defendant submits the Declaration of Richard L. Wilson, Esquire, which provides, *inter alia*, that Mr. Wilson, who has been a member of the Bar of the Middle District of Florida since 1976, charges "an hourly fee of $300.00 for work performed in cases filed in the Middle District of Florida." (Doc. 41-4, ¶¶ 5, 9.) Based on his knowledge and experience, Mr. Wilson opines that "$300.00 per hour is a reasonable fee for civil

---

[5] The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

7

rights cases litigated within this District." (*Id.* at ¶ 11.) For the reasons that follow, the Court agrees with Defendant and recommends that Plaintiffs' attorneys' rate be set at $300.00 per hour. The Court further recommends that the paralegal(s)' rate be set at $95.00 per hour.

Although Plaintiffs bear the burden of proving that their counsel's and paralegal(s)' rates are in line with the prevailing market rate, Plaintiffs have not offered adequate support for such a conclusion. Regarding the attorneys' rate, Plaintiffs have not cited any other case in this District in which Mr. Bacon and/or Mr. Cullen have been awarded an hourly rate of $350.00 for their services,[6] and they have not presented any third-party affidavit(s) showing what the prevailing market rates are in this District for similar work performed by attorneys with comparable experience.[7] The only decision cited by Plaintiffs from this District actually awarded Mr. Cullen an hourly rate of $300.00. (Doc. 36 at 4-5.) Further, Plaintiffs have provided no legal authority to support their request for an hourly rate of $115.00 for the paralegal(s). (*See id.* at 9, 12.)

Moreover, the Court's own knowledge and experience indicate that a rate of

---

[6] Plaintiffs' incomplete citations make it impossible for the Court to determine which court allegedly awarded Mr. Bacon an hourly rate of $350.00 for his services. (*See* Doc. 36 at 4.)

[7] Plaintiffs cite to decisions from other districts in Florida and other jurisdictions in support of the requested hourly rate for their attorneys. (Doc. 36 at 4, 8-9.) However, the relevant legal community in this case is the Middle District of Florida, and Jacksonville in particular.

$300.00 per hour for the attorneys and a rate of $95.00 per hour for the paralegal(s) are reasonable rates in this case. Regarding the attorneys' rate, even accepting the attorneys' qualifications (*see* Docs. 39-1, 39-2), a rate above $300.00 per hour for an ADA case such as this one is not justified. Further, Mr. Bacon and Mr. Cullen have been awarded a rate of $300.00 per hour by other courts in this District in comparable ADA cases. *See, e.g.*, *Hoewischer v. T.F. Cowart, TR.*, 3:11-cv-365-J-34MCR (M.D. Fla. June 8, 2012) (recommending a rate of $300.00 per hour for Mr. Bacon's work); *Harty v. Nikita Hotels*, 6:10-cv-1322-Orl-31DAB (M.D. Fla. August 8, 2011) (awarding Mr. Cullen $300 per hour); *Access for the Disabled, Inc. v. Osceola Enters. of Kissimmee, Inc.*, 2010 WL 2889876, *6 (M.D. Fla. July 1, 2010) (recommending a rate of $300.00 per hour for Mr. Bacon's work), *rejected on other grounds by*, 2010 WL 2889823 (M.D. Fla. July 22, 2010). Therefore, the Court will recommend an hourly rate of $300.00 for the services of Mr. Bacon and Mr. Cullen.

Regarding the paralegal rate, as stated earlier, Plaintiffs have provided no legal authority to support their request for an hourly rate of $115.00. (*See* Doc. 36 at 9, 12.) This Court agrees with other courts in this District that have awarded Plaintiffs' firm $95.00 per hour for paralegal work. *See, e.g.*, *Hoewischer*, 3:11-cv-365-J-34MCR at *5 (recommending a rate of $95.00 per hour for paralegal work); *Osceola Enters.*, 2010 WL 2889876 at *6 (recommending a rate of $95.00 per hour for paralegal work). Thus, the undersigned will recommend the same in this case.

## 2. Reasonable Number of Hours

In the Application, Plaintiffs seek payment for 66.2 hours of work by Mr. Bacon and Mr. Cullen, and 3.1 hours of paralegal work. (Doc. 36 at 5.) However, the Invoice attached to the Application lists 46.3 attorney hours and 2.6 paralegal hours. (Doc. 36-3 at 2-8.) The Court will use the numbers reflected on the Invoice as the remaining hours are unsupported.

Defendant argues that the attorney time is not reasonable because of the routine and repetitive nature of the filings; however, Defendant does not identify the number of hours it believes is reasonable.[8] (Doc. 41 at 5.) Nevertheless, Defendant asserts that the Court should eliminate the ten hours sought for anticipated future billings and the five hours sought for future monitoring of the case because Plaintiffs have not shown the reasonableness of these hours nor documented the need for the time with sufficient particularity. (*Id.* at 7-8.) For the reasons that follow, the undersigned recommends that Plaintiffs recover for 25.04 hours of attorney time and 2.6 hours of paralegal time.

First, as Defendant points out, Mr. Cullen's time entries reflect 10 hours of anticipated future time for negotiations and settlement, and 5 hours of anticipated future time for monitoring of compliance. (Doc. 36-3 at 8.) However, Plaintiffs provide no legal support for recovering fees based on anticipated future time. The

---

[8] Defendant does not appear to object to Plaintiffs' paralegal time that is reflected on the Invoice.

law is settled that in calculating the lodestar, the Court must use "the number of hours reasonably *expended* on the litigation," and the movant "should submit evidence supporting the hours *worked*." Hensley, 461 U.S. at 433 (emphasis added); *see also Dillard*, 213 F.3d at 1353 (stating that the "lodestar" must be calculated by "the number of hours . . . *spent* in the legal work on the case, multiplied by a reasonable market rate") (emphasis added). *Cf.* In re *Smith*, 230 B.R. 437, 439 (disallowing a flat rate fee for future services that have not been performed as many of these services may or may not be performed). Moreover, even assuming that anticipated future time is recoverable, as Defendant points out, Plaintiffs have not shown the reasonableness of the hours nor documented the need for the time with sufficient particularity.[9] Therefore, the undersigned recommends that these 15 hours be eliminated from the 46.3 hours the two attorneys claim on the case, resulting in a total of 31.3 attorney hours.

Defendant also argues that adjustments should be made based on its Offer of Judgment and the outcome of the case. (Doc. 41 at 8-10.) Specifically, Defendant argues that pursuant to Fed. R. Civ. P. 68(d), Plaintiffs should not recover any attorneys' fees and expenses incurred after March 2, 2011 because the parties' mediation settlement agreement was no more favorable to Plaintiffs than what was offered by Defendant's March 2, 2011 Offer of Judgment. (Doc. 41 at 9.) In the

---

[9] In addition, the entry for 10 hours of "[a]nticipated future time for negotiations and settlement" does not even make sense since this case had already settled by the time the Application was filed.

same vein, Defendant argues that "[a]s the outcome of the case was no different than Defendant's proposal at the onset of the case [referring to Defendant's October 20, 2010 correspondence], a reduction should be made in the hours Plaintiffs' counsel alleges to have spent on the case." (*Id.* at 9-10.) Plaintiffs respond that under the terms of the settlement agreement, which incorporate Plaintiffs' expert's report that was based on the ADA Accessibility Guidelines ("ADAAG"), Defendant agreed to undertake very specific remedial measures, which were more extensive than those offered by Defendant earlier. (Doc. 44; *see also* Docs. 29-1, 30-1, 31-1, 32-1.) Because it appears that the settlement finally achieved is more specific than the terms of the Offer of Judgment, the undersigned will not recommend that fees and/or expenses incurred after March 2, 2011 be completely disallowed or adjusted on these bases.[10]

However, upon review of the time submissions, the Court finds that further adjustments to the 31.3 attorney hours are warranted because the time sought is "excessive, redundant or otherwise unnecessary." *Norman*, 836 F.2d at 1301. For example, the supporting Invoice indicates that 3.9 hours (exclusive of the time spent conferring with the client regarding the Complaint) were spent on drafting and revising the Complaint and summons. (*Id.* at 2-3.) Given that "[t]his type of litigation is repetitive and form intensive," *Access for the Disabled, Inc. v. Missouri Mart, Inc.*,

---

[10] At any rate, Plaintiff provides support for little attorney time after March 2, 2011. Whether this was intentional or an oversight is irrelevant to the Court's analysis.

2006 WL 5432711, *3 (M.D. Fla. Dec. 7, 2006), the time spent on this particular task, as well as on many of the other tasks, appears excessive, redundant, vague, and/or otherwise unnecessary. (*See* Doc. 36-3 at 2-8 (*e.g.*, 09/04/10, 10/20/10, 11/16/10, 11/24/10, 12/10/10).) Under similar circumstances, other courts in this District have reduced counsel's time by as much as 50% to account for excessive expenditure of time in "preparing routine documents that have been filed in almost identical form in other cases in the Middle District." *Missouri Mart, Inc.*, 2006 WL 5432711 at *2-3 (finding that "the 32.7 hours of work is unreasonable and excessive for this type of case" and that "the total fee request should be reduced by fifty percent" after one of the duplicate and one of the redundant time entries are deleted from the amount of hours billed); *see also Hoewischer*, 3:11-cv-365-J-34MCR at *9 (recommending "a 50% reduction in the number of hours billed by both attorneys and the paralegal").

Although the Court does not recommend a 50% reduction in this case, "to protect against potential overbilling," *Barlow v. Sun Life & Health Ins. Co.*, 2011 WL 3475298, *2 (M.D. Fla. Aug. 9, 2011), the undersigned recommends a reduction of the attorneys' hours by 20%. After applying the 20% reduction, Plaintiffs should recover for 25.04 attorney hours. Regarding the paralegal hours sought, the undersigned does not believe that a reduction is necessary; therefore, Plaintiffs should recover for 2.6 paralegal hours.

Multiplying these hours by the hourly rates (25.04 attorney hours x $300.00 + 2.6 paralegal hours x $95.00) produces a total fee of $7,759.00. Therefore, the

lodestar in this case is $7,759.00. While the Court may further adjust the lodestar, the undersigned does not recommend a further adjustment as the undersigned's independent review of the record does not demonstrate that it would be justified. Therefore, the undersigned recommends that Plaintiffs be awarded fees in the amount of $7,759.00.

### B. Costs and Litigation Expenses

Plaintiffs seek reimbursement for the following costs and litigation expenses: $6,400.00 for expert witness fees; $1,000.00 for a re-inspection fee; $350.00 for the filing fee; $85.00 for service of process; $25.00 for Accurint database searches; $22.50 for copies; and $18.75 for postage. (Doc. 36 at 11-13; Doc. 36-3 at 8-9.)

First, although Plaintiffs seek reimbursement for $6,400.00 for expert witness fees, the undersigned recommends that Plaintiffs recover $3,360.00 because both the expert's hourly rate and the time billed are excessive.[11] The expert's hourly rate of $200.00 (*see* Doc. 36-5), is excessive in light of other decisions from this District awarding an hourly expert rate of $150.00, and Plaintiffs' lack of support to justify the requested hourly rate. *See, e.g.*, *Hoewischer*, 3:11-cv-365-J-34MCR at *12

---

[11] Plaintiffs seek reimbursement for $6,400.00 in expert witness fees (Doc. 36), and submit two Invoices in support of that amount (Doc. 36-5). However, Plaintiffs' itemization sheet reflects only $3,000.00 for expert witness fees. (Doc. 36-3 at 9.) Although the undersigned has considered recommending that Plaintiffs recover no more than $3,000.00 for expert witness fees, or recover nothing in light of Defendant's argument that the expert report was untimely, the undersigned has decided against such recommendations upon review of all of Plaintiffs' relevant filings. In particular, it appears that the expert report was at least used in achieving settlement.

(recommending an hourly rate of $150.00 for the expert's services and citing additional cases from the Middle District of Florida in support of the reduction). Therefore, the undersigned recommends reducing the expert's rate to $150.00 per hour.

Regarding the time billed by the expert, the undersigned recommends adjustments for excessive time entries, block billing, and billing in hourly increments. The first Invoice, dated January 23, 2010, provides that a total of fifteen hours were billed. (Doc. 36-5 at 2.) However, it provides no breakdown of the time spent on each task. (*See id.*) The block-billing nature of this Invoice alone justifies a reduction of the total fee by a percentage. *See Reilly v. Duval County Pub. Schs.*, 2007 WL 2120551, *2 (M.D. Fla. July 23, 2007) (finding a reduction of the total fee awarded by a percentage "especially appropriate in cases such as this where attorneys have engaged in block billing which makes it much more difficult to segregate out excessive time"); *see also Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1335 (M.D. Fla. 2002) (excluding the time for the entire entry where "a number of tasks are grouped under one time entry and some of the tasks are compensable and some are not").

In determining the appropriate reduction percentage, the Court will turn to the second Invoice, dated April 25, 2011, which is similar to the first one, except it breaks down the time spent on each task. (Doc. 36-5 at 3.) Several of the time entries on that Invoice are excessive. For instance, the expert spent four hours

15

traveling to and from the location, one hour on the telephone with Plaintiff and another hour with Plaintiff's counsel, and essentially ten hours preparing the report. (*Id.*) Regarding the expert's time claimed, the undersigned recommends a 30% reduction. Accordingly, Plaintiffs should be reimbursed for 22.4 hours at a rate of $150.00 per hour, or a total of $3,360.00 for expert fees.[12]

The Court also believes the requested re-inspection fee of $1,000.00 is excessive.[13] The Court notes that Plaintiffs' attorneys have repeatedly requested a similar re-inspection fee and said request has been rejected numerous times. *See Hoewischer*, 3:11-cv-365-J-34MCR at *13 (recommending a $350.00 re-inspection fee and citing decisions from other Florida courts reaching the same conclusion). Therefore, the undersigned recommends that Plaintiffs recover a $350.00 re-inspection fee.

Finally, the undersigned recommends that the remaining costs and expenses be reimbursed as they are recoverable pursuant to either 28 U.S.C. § 1920 or 42 U.S.C. § 12205, and they are unopposed and minimal.

**IV. Conclusion**

Based on the foregoing, the undersigned recommends that Plaintiffs be awarded attorneys' fees (including paralegal fees) in the total amount of $7,759.00,

---

[12] This amount is also more in line with the $3,000.00 amount reflected in the "Bill Summary" on the Invoice. (Doc. 36-3 at 9.)

[13] Plaintiffs' Invoice reflects a re-inspection fee of $750.00, not $1,000.00. (Doc. 36-3 at 9.)

and costs and litigation expenses in the total amount of $4,181.25 ($3,360.00 for expert witness services, $350.00 for a re-inspection fee, $350.00 for the filing fee, $55.00 for service of process, $25.00 for database searches, $22.50 for copies, and $18.75 for postage).

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Application (**Doc. 36**) be **GRANTED** only to the extent that Plaintiffs be awarded attorneys' fees in the total amount of $7,759.00, and costs and litigation expenses in the amount of $4,181.25, and **DENIED** in all other respects.

2. The Clerk of Court be **DIRECTED** to enter judgment in favor of Plaintiffs National Alliance for Accessability, Inc. and Denise Payne, and against Defendant Hull Storey Retail Group, LLC, for attorneys' fees in the amount of $7,759.00, and costs and litigation expenses in the amount of $4,181.25.

**DONE AND ENTERED** at Jacksonville, Florida, on June 28, 2012.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

17